UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-137 |
| | ) | |
| SUSAN WELCH COOPER, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Motion to Review Counsel Representation [Doc. 19], filed on September 3, 2009, and referred to the undersigned on September 9, 2009 [Doc. 20] pursuant to 28 U.S.C. § 636(b). The parties appeared before the undersigned on September 15, 2009, for a hearing on the Defendant's motion. Assistant United States Attorney Gregory Weddle appeared on behalf of the government. Attorney Kim Tollison, appointed counsel for the Defendant, was present, as was the Defendant.

The Defendant's motion asks the Court to allow Attorney Tollison to withdraw from representing the Defendant and to appoint new counsel. At the hearing, Attorney Tollison explained that he believed that it was necessary for him to withdraw from representing the Defendant because the Defendant desired a "second opinion" about her options in this case before proceeding to sentencing. Attorney Tollison further explained that he had counseled the Defendant to proceed to sentencing under the terms of the plea agreement that she entered with the government on May 27, 2009 [Doc. 18].

The government objected to the Defendant's Request for new counsel and noted that (1) Attorney Tollison has provided the Defendant with competent and effective representation; (2) a criminal defendant's desire for a second legal opinion is not grounds for the Court to allow defense counsel to withdraw and to reappoint a new attorney; and (3) neither the Defendant nor Attorney Tollison has demonstrated a conflict of interest or a breakdown in trust or communication.

The Court asked the government to leave the courtroom and conducted a sealed, *ex parte* hearing to inquire into the reasons for the Defendant's dissatisfaction with her representation by Attorney Tollison. The Court heard confidential statements from Attorney Tollison and the Defendant in order to determine whether good cause for the appointment of new counsel exists in this case. The rule in this Circuit is that a defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the statements of Attorney Tollison and the Defendant in the *ex parte* hearing, the Court finds that the trust vital to the attorney-client relationship between Attorney Tollison and the Defendant is not irreparably and irretrievably broken. The Court also finds that there is no conflict of interest and that Attorney Tollison and the Defendant are able to communicate with each other effectively.

After carefully considering the positions of the Defendant, defense counsel, and the government, the Court concludes that the Defendant's motion is not well-taken and that no cause exists to substitute new counsel for Attorney Tollison. The Defendant's Motion to Review Counsel Representation **[Doc. 19]** is **DENIED**, and Attorney Tollison will continue as appointed counsel for the Defendant. The Court reminds the Defendant that she is free to seek additional or alternative

legal counsel at her own expense. The Court also reminds the Defendant that Attorney Tollison's entire office, the Federal Defender Services of Eastern Tennessee, may be available to her to assist in the provision of additional legal opinions concerning her options for going forward with this case.

At the conclusion of the hearing, Attorney Tollison made an oral motion to reset the sentencing hearing that was originally scheduled before the Honorable Thomas A. Varlan, United States District Judge, on September 17, 2009, because the pre-sentencing report was delivered to him only last week. The government had no objection to the motion, and the parties agreed to reset the sentencing hearing to November 6, 2009, at 10:00 a.m. Accordingly, the Defendant's motion is **GRANTED**, and the sentencing is reset to **November 6, 2009, at 10:00 a.m.**

It is ordered:

(1) The Defendant's Motion to Review Counsel Representation **[Doc. 19]** is **DENIED**;

(2) Attorney Kim Tollison will continue as the Defendant's counsel of record;

(3) The Defendant's oral motion to reset the sentencing hearing is **GRANTED**; and

(4) The sentencing in this matter is reset to commence on **November 6, 2009, at 10:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge