UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-137 |
| | ) | (VARLAN/GUYTON) |
| SUSAN WELCHER COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal action is before the Court on the defendant's *pro se* Motion to Defer Restitution Payments [Doc. 34], in which the defendant requests that the Court defer her restitution payments during her incarceration and modify her sentence so that she may be moved into a halfway house or to house arrest. The United States opposes the defendant's requests and has informed the Court that the government rests on its response in opposition to the defendant's previously-filed motion to modify sentence [*see* Doc. 35].

On May 27, 2010, the defendant plead guilty pursuant to a written plea agreement to fraud in connection with an access device (Count 20), a violation of 18 U.S.C. § 1029(a)(1), and aggravated identity theft (Count 21), a violation of 18 U.S.C. § 1028A(a)(1). On December 16, 2009, the Court imposed a sentence of one day imprisonment for Count 20, followed by a 24-month term of imprisonment for Count 21, consecutive to the sentence imposed for Count 20. The Court also ordered the defendant to make restitution in the

amount of $95,893.52, and ordered that such restitution was due and payable immediately, as provided in the plea agreement [Doc. 18].

In September 2010, the defendant filed substantially identical motions to the instant motion, requesting that the Court amend her restitution obligation and modify her sentence, pursuant to 18 U.S.C. § 3582(c)(2) [Docs. 34, 36]. The Court denied both motions [Doc. 37]. In the instant motion, the defendant moves that the judgment against her be modified in the following manner: (1) that her obligation to make restitution payments be deferred during her incarceration, and (2) that her sentence be reduced and modified from 24-months and a day incarceration, to 180-days at a halfway house or house arrest [Doc. 38].

In regard to the defendant's first request that payment of restitution be deferred until her release, the defendant cites *United States v. Davis*, 306 F.3d 398 (6th Cir. 2002), and submits that, "I am paying a payment based upon my families money and not what the BOP pays me." [Doc. 38].

In regard to this request, and while noting the financial strain the defendant's family may be under, the Court does not find this strain to be a reason for the Court to defer the defendant's payment of restitution as it is not the obligation of the defendant's family to pay her restitution. The Court also does not find the defendant's citation to *Davis* to support her request. In *Davis*, the U.S. Court of Appeals for the Sixth Circuit found that the district court erred in failing to set the defendant's restitution schedule, pursuant to the factors set forth in the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664. *Id*, 306 F.3d at 425. Here, the defendant has not challenged the Court's order of restitution but has

2

requested that her payment of that restitution be deferred. Accordingly, the Court finds *Davis* has no application to the defendant's request.

The defendant has also requested that the Court modify her sentence. The defendant requests a modification of her sentence from 24-months and a day incarceration to "house arrest or more halfway house," and that "[the defendant's] team is recommending 180 days" [Doc. 38]. The defendant has not cited any statute or case law for this request.

The defendant's request for a sentence modification is a request for a modification of an imposed term of imprisonment and is controlled by 18 U.S.C. § 3582(c)(1)(B).

Section 3582(c)(1)(B) states:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> > (1) in any case--
> >
> > . . . .
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. § 3582(c)(1)(B). Rule 35 of the Federal Rules of Criminal Procedure permits modification only to correct a sentence that resulted from an arithmetical, technical, or other clear error or upon the government's motion to reduce a sentence for substantial assistance. Fed. R. Civ. P. 35.

3

The defendant has not alleged that her sentence resulted from an arithmetical, technical, or other clear error and the government has not filed a motion to reduce the defendant's sentence for substantial assistance. Rather, the defendant asserts that she has been "neglected medically" as a reason for her modification [Doc. 38]. Medical neglect is not one of the factors listed in Rule 35 for which modification is permitted. The defendant has also cited no other statutory authority for the requested reduction and modification of her sentence under 18 U.S.C. § 3582(c)(1)(B). Accordingly, the Court does not have the authority to modify the defendant's sentence under 18 U.S.C. § 3582(c)(1)(B).

Furthermore, the defendant's 24-month consecutive sentence for Count 21 is mandated by statute, *see* 18 U.S.C. § 1028A(a)(1), and the Court finds no authority under any other statute to modify this sentence. *See United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) (citing *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008)) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless authority is expressly granted by statute."). Accordingly, the defendant's request to reduce and modify her sentence will also be denied.

For the reasons given above, the defendant's *pro se* Motion to Defer Restitution Payments [Doc. 38] is **DENIED**, and the defendant's request to be moved to a halfway house or house arrest is also **DENIED**.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE