UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )            No. 3:08-CR-137-TAV-JEM
                                     )
SUSAN WELCH COOPER,                  )
                                     )
            Defendant.               )

**REPORT AND RECOMMENDATION**

This case is before the undersigned on the Motion to Modify Garnishment Order Due to

Divorce and Financial Hardship [Doc. 54], which District Judge Thomas A. Varlan referred to the

undersigned [Doc. 55]. Following a guilty plea to fraud in connection with an access device, in

violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i), and aggravated identity theft, in violation of

18 U.S.C. § 1028A(a)(1) and (c)(4), Judge Varlan sentenced Defendant to twenty-four months and

one day of imprisonment [Doc. 26]. Judge Varlan also ordered Defendant pay $95,893.52 in

restitution, due immediately [*Id.*].

On January 27, 2025, the Government filed an Application for Writ of Continuing

Garnishment, requesting a writ of continuing garnishment for Defendant's wages from Tennova

Healthcare, and a Writ of Continuing Garnishment was duly issued and served upon Tennova

Healthcare ("Garnishee") [Docs. 45, 46, & 48]. According to the Application, Defendant is

indebted for $96,093.52 in restitution, had paid $42,901.40, and had an unpaid balance of

$57,030.33 as of January 27, 2025 [*Id.* at 1–2]. The Garnishee answered on March 13, 2025, stating

that, at the time of the service of the Writ, it did not have custody, control, or possession of personal

property belonging to Defendant in the form of non-exempt, disposable earnings [Doc. 49 pp. 1,

4]. Despite this statement, the Garnishee acknowledged that it paid Defendant biweekly at a rate of $22.88 per hour for seventy-two (72) hours per pay period but noted that Defendant's actual hours per pay period varied [*Id.* at 2]. Defendant was personally served with a copy of the Writ of Continuing Garnishment and notified of the right to object, to assert exemptions, and request a hearing before this Court [Docs. 46 & 51]. Defendant did not file an objection, nor did she request a hearing or assert any exemption. On April 30, 2025, the Government filed a Motion for Order of Continuing Garnishment, asking the Court to order garnishment and stating that the balance due was $56,930.33 [Doc. 52].

District Judge Varlan granted the Government's request [Doc. 53]. He ordered that the Garnishee pay into the hands of the United States Attorney's Office, at least monthly, Defendant's nonexempt disposable earnings (as defined by 28 U.S.C. § 3002(9)), which is the lesser of: (1) twenty-five percent (25%) of Defendant's total disposable earnings, or (2) all amounts of Defendant's disposable earnings in excess of thirty times the federal minimum hourly wage—i.e., the amount by which Defendant's disposable earnings exceed $217.50 per week [*Id*. at 4].

Defendant now asks the Court to modify that order [Doc. 54]. She asserts that the garnishment "creates a substantial financial burden" [*Id*. at 1]. She explains that, since the entry of the order, she "has undergone a divorce, resulting in significant changes to household income and financial obligations" [*Id*.]. She claims that she is "experiencing financial hardship and is unable to meet both basic living expenses and the present garnishment terms" [*Id*.]. Specifically, she requests that the garnishment Order be modified and the payments be adjusted to $100 per month, "which represents the maximum amount [she] can reasonably pay while maintaining basic living needs" [*Id*.].

The Government filed a response in opposition to the requested modification [Doc. 57]. The Government asserts that Defendant has not met any of the limited grounds for modification set forth in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3202(d) [*Id*. at 3]. The Government also informs the Court that, as of January 22, 2026, it had not received garnishment payments since October 2025 and that the Garnishee stated that Defendant is not receiving earnings to garnish [*Id*. at 3–4].

Based upon information set forth in the Government's response, the undersigned respectfully **RECOMMENDS**[1] that the motion be denied. Defendant has not cited any authority upon which she seeks modification of the garnishment, and it appears that Defendant is not receiving earnings to garnish at this time. Although, as acknowledged by the Government [Doc. 57 pp. 2–3], the Court has discretion to modify the garnishment under 28 U.S.C. § 3013, the undersigned does not recommend exercise of that discretion because Defendant presents no information regarding the details of her income or expenses to permit the Court to assess the reasonableness of her claims. *See United States v. Dover*, No. 4:02-50001, 2016 WL 806708, at \*4 (E.D. Mich. Mar. 2, 2016) (explaining that "[c]ourts look to the circumstances of the individual garnishee" to assess the reasonableness of a proposed modification.). The Clerk of Court is

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide de novo review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs*., 829 F.2d 1370, 1373 (6th Cir. 1987).

**DIRECTED** to mail a copy of this Report and Recommendation to Defendant at the address

identified in Defendant's motion [*See* Doc. 54-2].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

4